58 So.2d 689 (1952)
PERLA
v.
PERLA.
Supreme Court of Florida, Special Division A.
May 9, 1952.
Broad & Cassel, Miami Beach, and John D. Marsh, Miami, for appellant.
Fokes & Frishman and Hymen Lake, all of Miami Beach, for appellee.
THOMAS, Justice.
The appellee was granted a divorce when the chancellor concluded there was no justification for his disturbing the master's findings of fact. At the outset we may say that we concur in the view, and thus we will reduce, to two, the points presented to us for decision.
The first of these arises from the master's recommendation that the father, appellee, should be required to contribute to the support of a thirty-three year old daughter of the parties, stipulated to be "mentally retarded and * * * spastic physically," despite the terms of a property settlement entered into long prior to institution of this suit. The chancellor rejected this recommendation.
In the agreement it was stipulated that certain concessions extended, payments made and options given to the wife by the husband, were "in lieu of any award of alimony" and constituted "satisfactory, reasonable and sufficient provision for the entire support and maintenance of the wife during her natural life and of the * * * dependent child" and were accepted "in full satisfaction * * * of support and *690 maintenance of the wife and * * * child * * *." The wife was awarded custody of the daughter and obligated herself to "bear all expenses relative to * * [such] care, maintenance and support * * *."
The unambiguous provisions of the agreement put an end to the obligations of the father to the mother; although they would not necessarily relieve him in the future of any direct duty to the offspring.
Generally, the obligation of a parent to support a child ceases when the child reaches majority, but an exception arises when the child is, from physical or mental deficiencies, unable to support himself. The overwhelming weight of authority supports the view, however, that a divorce suit is not the proper proceeding where the responsibility may be fixed and the burden imposed. Borchert v. Borchert, 185 Md. 586, 45 A.2d 463, 162 A.L.R. 1078.
An action for divorce is statutory, and we can find nothing in our laws providing for alimony, Secs. 65.07 and 65.08, Florida Statutes 1949, and F.S.A., and for custody and maintenance of children, Sec. 65.14, Florida Statutes 1949, and F.S.A., warranting an order requiring a father to pay to his erstwhile wife money for the support of an adult child, even though the child is mentally and physically afflicted. The mother should not, in a divorce proceeding, be made a medium through which payments coerced from the father would reach an adult child.
In the present case the facts give no reason to apprehend that the daughter will suffer from the chancellor's ruling, and, certainly, the mother has no cause to complain of the burden she assumed.
We do not hold that for all time the father, in the transaction with the mother, managed to shrug off any responsibility for supporting the child, but only that now, and by a decree in this suit, the court should not require him to compensate the mother for what the care and custody may be costing her.
In closing, it should be remarked that both mother and daughter are now living with another daughter, a practicing physician, and her husband, a surgeon, so it may be assumed that the afflicted child is not suffering from want of care or attention.
As to the last question posed by appellee, we have not been convinced that error was committed in fixing fees and costs.
So, throughout, the decree is
Affirmed.
SEBRING, C.J., MATHEWS, J., and DICKINSON, Associate Justice, concur.