155 So.2d 883 (1963)
Charles Harvey FINCHAM, Sr., Appellant,
v.
Elsie Witt LEVIN, Appellee.
No. E-127.
District Court of Appeal of Florida. First District.
September 5, 1963.
Frank C. Decker, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., Reeves Bowen, Asst. Atty. Gen., William A. Hallowes, 3rd, State Atty., and Frank M. Scruby, Asst. State Atty., for appellee.
STURGIS, Chief Judge.
The defendant father of a 25-year-old girl seeks reversal of an order of support entered pursuant to Chapter 88, Florida Statutes, F.S.A., known as the Uniform Reciprocal Enforcement of Support Law. The child has never been married, since birth has been an epileptic, is mentally and physically unable to care for or support herself, is in need of medical treatment, and has at all times lived with and been under *884 the care of her mother, the appellee, who was divorced from appellant some years past.
The mother filed her petition under the Virginia act (Title 20, Chapter 5.2, Code of Virginia) in the Juvenile and Domestic Relations Court of Richmond County, Virginia, praying for an order of support directed to appellant requiring him to contribute to the support of his natural child, Harriet Harvey Fincham, who was born January 15, 1938, and who is a resident of Virginia. Following the statutory procedure, the Virginia court entered the required certificate and caused all pertinent papers, evidence and pleadings to be filed in the Circuit Court of Duval County, Florida, whereupon pursuant to the Florida act (Chapter 88, Florida Statutes, F.S.A.) appellant was served with process and brought before the Duval County court. Upon hearing the evidence and related matters adduced by both parties, the Circuit Court of Duval County entered an order requiring appellant to pay $40 per month for the support and maintenance of said child, hence this appeal.
The sole point of law for determination is whether or not the father is obligated to support or contribute to the support and maintenance of his natural child who is over the age of 21 years, has not been married, lives with her mother, and from birth has been mentally and physically unable to support or care for herself. The point does not appear to have been directly decided by the case law of Florida, and we have no controlling statute. In Perla v. Perla, 58 So.2d 689 (Fla. 1952), we find the following obiter dicta:
"Generally, the obligation of a parent to support a child ceases when the child reaches majority, but an exception arises when the child is, from physical or mental deficiencies, unable to support himself."
The trial court relied thereon.
Appellant contends that lacking statutory authority and since the language in Perla is purely obiter dicta, the order appealed is legislative in character and that under applicable common law he is not required to support his said daughter. He cites the annotation in 1 A.L.R.2d at page 914 in support of the proposition that the common law went no further than to impose on parents the duty of supporting their minor children, and that as a general rule there is no obligation on the part of a parent to support an adult child. This is unquestionably the rule with respect to able-bodied children. However, the same annotation (at page 921) reflects that most jurisdictions hold that where a child is of weak body or mind, unable to care for itself after coming of age, the parental rights and duties remain practically unchanged and the parent's duty to support the child continues as before. We concur with the trial court and Perla v. Perla, supra, in adopting that view.
Affirmed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.