206

**ESTATE OF FRANKS v. COMMISSIONER OF REVENUE.**
No. 68-1046.
Circuit Court, Leon County.
January 28, 1969.

Douglass B. Shivers of Cotten, Shivers, Gwynn & Daniels, Tallahassee, for the plaintiff.

Larry E. Levy, Assistant General Counsel, Office of the Comptroller, Tallahassee, for the defendant.

**GUYTE P. McCORD, Jr., Circuit Judge.**

*Final judgment:* This is a suit brought pursuant to §198.17, Florida Statutes, by Mark Maurer, as executor of the estate of Fred L. Franks, deceased, against Fred O. Dickinson, Jr., comptroller of the state of Florida, as commissioner of revenue. From the evidence and the stipulation of the parties, the court makes the following findings and analysis of the issues presented —

Decedent, Fred L. Franks, a resident of Broward County, Florida, died in June, 1965. He had an estate of approximately $30,000 until eighteen days before his death. His daughter, Ruth L. Stephani, predeceased him by 18 days leaving him her entire estate of around $300,000 after taxes which, of course, he did not live to enjoy. Ruth Stephani's federal estate tax of over $100,000 and Florida estate tax of approximately $9,000 was paid. The estate of Franks was allowed a credit under federal law for "tax on prior transfers," to which the estate was entitled due to the short period of time elapsing between his inheritance from his daughter and his own death. As a result of this credit the estate of Franks had no federal tax to pay. The gross federal estate tax of the Franks estate before applying the aforesaid credit which reduced it to zero was $72,237.28. No Florida estate tax was paid and no credit for Florida estate tax was sought by the Franks estate in its federal estate tax return, it being the contention of the estate that no Florida estate tax is due. The Florida commissioner of revenue has ruled in the administrative procedure under §198.17, Florida Statutes, that the estate owes the state of Florida an estate tax in the amount of $4,573.73 with interest from the due date, September 21, 1966, until paid. The validity of this Florida estate tax assessment is the question here before the court.

The commissioner has had twelve other cases with factual situations like the present case since July 1, 1961, and has administered them all in this same way — assessing the Florida estate tax although there was no federal estate tax due. None of the commissioner's rulings in said cases were contested in court.

The controlling provision of the constitution is §11, article IX, the portions pertinent to the question here before the court being as follows —

> No taxes upon inheritances . . . of residents or citizens of this State shall be levied by the State of Florida, or under its authority, . . . provided, however, that the Legislature may provide for the assessment, levying and collection of a tax upon Inheritances, or for the levying of Estate Taxes, not exceeding in the aggregate the amounts which may by any law of the United States be allowed to be credited against or deducted from any similar tax upon Inheritances, or taxes on estates assessed or levied by the United States on the same subject, but the power of the

Legislature to levy such Inheritance taxes, or Estate Taxes in this State, shall exist only so long as, and during the time, a similar tax is enforced by the United States against Florida Inheritances or Estates and shall only be exercised or enforced to the extent of absorbing the amount of any deduction or credit which may be permitted by the laws of the United States, now existing or hereafter enacted to be claimed by reason thereof, as a deduction or credit against such similar tax of the United States applicable to Florida Inheritances or Estates . . .

The constitutional provisions above quoted have been implemented by the legislature by §198.02, Florida Statutes, which states as follows —

A tax is imposed upon the transfer of the estate of every person who, at the time of death, was a resident of this state, the amount of which shall be a sum equal to the amount by which the credit allowable under the applicable federal revenue act for estate, inheritance, legacy and succession taxes actually paid to the several states shall exceed the aggregate amount of all constitutionally valid estate, inheritance, legacy and succession taxes actually paid to the several states of the United States (other than this state) in respect to any property owned by such decedent or subject to such taxes as a part of or in connection with his estate.

Defendant cites 26 U.S.C.A. 2013(c) which relates to the credit for tax on prior transfers in calculating the federal estate tax.

(1) *In general.* — The credit provided in this section shall not exceed the amount by which —

(A) the estate tax imposed by section 2001 or section 2101 (after deducting the credits for State death taxes, gift tax, and foreign death taxes provided for in sections 2011, 2012, and 2014) computed without regard to this section, exceeds (B) such tax computed by excluding from the decedent's gross estate the value of such property transferred and, if applicable, by making the adjustment hereinafter indicated . . .

Defendant argues that the estate is required by the foregoing federal law, in calculating the federal tax, to take a credit for the Florida estate tax paid prior to applying the credit for tax on prior transfers; that the Florida estate tax is an allowable credit under the federal estate tax laws even though no federal tax is payable by the estate. (Here the estate claimed no credit on the federal return for Florida estate tax and no federal tax is payable.) The opinion of the Florida Supreme Court in Wells v. Gay, Comptroller, Fla., 58 So.2d 690, gives some support to this argument. There the estate paid the Florida estate tax which was due but failed to pay it within the time limit (four years) allowed under federal law for it to be claimed as a credit against the federal tax. The claim was therefore disallowed by the U.S. Department of Internal Revenue and the estate then contended that it was entitled to a refund by Florida of the Florida estate tax paid. In ruling upon the question the Supreme Court stated that the limitation of the inheritance tax to be paid under Florida law is the amount "allowed to be

credited" by the federal law; that the state's share does not depend upon the amount actually credited. The Supreme Court went on to say —

> ... Such a construction would result in loss to the state of *its share* of all taxes paid beyond the four-year period, for if we uphold the appellants in their effort to obtain a refund the next step would be to exempt late payers on the theory that not being entitled to the credit at the deferred date there existed no obligation to the state. * * * We fail to see why the state should be penalized by a refund of more than thirteen thousand dollars, because of a circumstance not under the state's control, that is, appellants' delay. (Italics added.)

Had the taxpayer's contentions been upheld the state would have lost *its share* (as the Supreme Court put it) of the tax money *as a result of the taxpayers' delay in asserting their right under federal law*. While defendant may glean some comfort from the court's reference to the phrase "allowed to be credited" the situation in the case at bar is entirely different.

The question presented here can be readily and properly resolved if we go to the basic intent of the people when they adopted §11, article IX, of the Florida Constitution. Did the people by the term "may by any law of the United States be allowed to be credited or deducted from any similar tax upon inheritances" intend that such credit be a mere empty paper credit of no actual or real substance or value, such as exists when there is no federal tax payable? I think not. The intent of the people in adopting this constitutional provision is clearly set forth by the Supreme Court of Florida in Green v. State, ex rel. Phipps and Green v. State, ex rel. Mason, Fla., 1966 So.2d 585. There the Supreme Court quoted and adopted in toto the opinion of Judge Hugh M. Taylor of this circuit contained in his final judgment. The Supreme Court in construing the constitutional provision here before the court stated among other things the following —

> In order to properly construe and apply Section 11, Article IX of the Constitution it is necessary to consider its history. The Constitution of Florida prior to 1924 had no specific provision relating to the levying of inheritance taxes. Florida was seeking to attract wealth from other states to develop her natural resources and in 1923 the legislature proposed and in 1924 the people adopted an amendment to the Constitution prohibiting the levy by the State of Florida of taxes upon inheritance or incomes of residents of this State. Subsequently, federal statutes imposing taxes upon the estates of decedents were amended so as to allow credit upon the federal estate taxes for amounts paid to states for similar taxes imposed by the states. This resulted in citizens of Florida paying the same total taxes upon estates as citizens of other states but since no inheritance tax could be levied in Florida no part of this tax could be collected by the State of Florida and used for the operation of the state government. Consequently all the expenses of government in this state had to be paid from other forms of taxation.

In order to meet the inequities of this situation and at the same time preserve the principle of guaranteeing to prospective residents the protection of the amendment of 1924 the legislature in 1929 proposed and the people in 1930 ratified a further amendment to the Constitution providing an exception to the prohibition against the levy of inheritance taxes in these words: "the legislature may provide for the assessment, levying and collection of a tax upon Inheritances, or for the levying of Estate taxes, not exceeding in the aggregate the amounts which may by any law of the United States be allowed to be credited against or deducted from any similar tax upon Inheritances, or taxes on estates assessed or levied by the United States on the same subject, but the power of the Legislature to levy such Inheritance taxes, or Estate Taxes in this State, shall exist only so long as, and during the time, a similar tax is enforced by the United States against Florida Inheritances or Estates and shall only be exercised or enforced to the extent of absorbing the amount of any deduction or credit which may be permitted by the laws of the United States, now existing or hereafter enacted to be claimed by reason thereof, as a deduction or credit against such similar tax of the United States applicable to Florida Inheritances or Estates." The first legislature that convened after this amendment passed several statutes implementing this amendment.[2] [Footnote 2: Laws of Florida, Acts of 1931, Chapters 14-738, 14-739, 15-746, 15-748.] The history of the times in which these constitutional provisions were adopted, *the language of the provisions themselves and the language of the implementing statutes* (too lengthy to be quoted here) *clearly indicate that it was the intent of the people of Florida that the State of Florida would impose such taxes but only such taxes upon estates of decedents as could be paid to Florida and deducted from the federal taxes without increasing by one jot or one tittle the total tax burden upon such estates.* (Italics added.)

From the time of the adoption of the aforementioned last amendment of §11, article IX, of the Florida Constitution (1930) and the enactment of §198.02, Florida Statutes (1933) until the adoption by Congress of the 1954 Internal Revenue Code the factual situation presented in this case could not have arisen. Under federal law during that period the value of property previously taxed was deducted from the total gross estate in determining the net estate for taxation and the credit for state estate taxes was then applied. Under the defendant's interpretation of §11, article IX, the change in the federal law brought about by the 1954 Internal Revenue Code had the effect of vacating what the Supreme Court in Green v. State, supra, said was the intent of the constitutional provision — "that the State of Florida would impose such taxes but only such taxes upon estates of decedents as could be paid to Florida and deducted from the federal taxes without increasing by one jot or one tittle the total tax burden upon such estates."

This position of the commissioner is also contrary to his expressed statement of the law contained in a booklet published by him for the information of the public entitled "Florida Digest of Taxes 1968." On page 6 of this booklet we find the following heading and statements —

Florida's Tax Exemptions
No State Income Tax

The State of Florida is prohibited by its Constitution (Section 11, Article IX) from levying a state income tax.

No Duplicating Estate Tax

The Florida Constitution, under the same section, limits the state estate tax to the amount allowable by the Government as a credit for state death taxes paid against the Federal Estate Tax and *which, if not collected by the State, would go to the Federal Government anyway.* (See tables 1 and 2 for approximate estate and inheritance taxes Florida estates would pay as compared to taxes payable in 15 other states.) (Italics added.)

Although not in accord with the commissioner's position in this case, the above statement is in complete accord with the manifest intent of the constitutional amendment.

The fundamental object to be sought in construing a constitutional provision is to ascertain the intent of the framers and it must be construed or interpreted in such manner as to fulfill the intent of the people, never to defeat it. Such a provision must never be construed in such manner as to make it possible for the will of the people to be frustrated or denied. Gray v. Bryant, Fla., 125 So.2d 846.

In construing and interpreting a provision of the constitution, a strict construction should not be invoked but the real intention of the people carried out. City of Tampa v. Tampa Shipbuilding & E. Co., 136 Fla. 216, 186 So. 411.

In Getzen v. Sumter County, 89 Fla. 45, 103 So. 104, the Supreme Court said —

The intent of organic or statutory provisions is the essence of the law ..., and such intent may be shown by the implications and intendments, as well as by the words of express provisions, and implied provisions of organic or statutory law are as effective as the express provisions, when such implied provisions are judicially declared to exist ...

The people in adopting the amendment to §11, article IX, in 1930, had no knowledge that the Congress in 1954 would change the federal law in such way that what amounts in some cases to a paper tax credit with no substance in reality could be construed so as to require the payment of an estate tax under Florida law where there is no federal estate tax payable, thereby circumventing the people's intent that Florida get only *its share* of the federal tax. Such a construction flies in the face of the clear intent of the people at the time they adopted the constitutional provision and cannot be justified.

It is the ruling of the court that a Florida estate tax is payable only in cases where such tax may be allowed to be credited against

or deducted from a similar federal estate tax where a federal estate tax will be payable after all credits and deductions allowed by federal law (other than credits allowed for state estate taxes) have been applied.

In consideration thereof, it is ordered and adjudged that defendant's motion to dismiss the complaint upon which the court deferred its ruling until final hearing be and it is hereby denied. It is further ordered that the assessment of the commissioner of revenue of Florida of an estate tax against the estate of Fred L. Franks, deceased, be and it is hereby abated and declared null and void.