312 So.2d 762 (1975)
John Alden BRIGGS, Appellant,
v.
Ann King BRIGGS, Appellee.
No. 74-661.
District Court of Appeal of Florida, Fourth District.
May 2, 1975.
Rehearing Denied May 30, 1975.
Walter Stockman, Cocoa Beach, for appellant.
Benjamin Y. Saxon of Saxon & Richardson, Melbourne, for appellee.
DOWNEY, Judge.
Being aggrieved by certain monetary awards contained in the final judgment of dissolution, the husband has appealed.
Our reading of the briefs and study of the record reveals adequate support for the final judgment, with the exception of the provision contained therein requiring the appellant husband to pay the college tuition and allowance of $25.00 per week for the parties' 23 year old son.
Generally, the obligation of a parent to support a child ceases when the child reaches majority, except when the child is unable to support himself because of physical or mental deficiencies. Perla v. Perla, Fla. 1952, 58 So.2d 689. Thus, prior to July 1, 1973, the effective date of § 743.07, F.S. 1973, after a child reached 21 years of age, absent physical or mental disability, a parent would not be obligated to render support. With the passage of § 743.07, F.S., the age of majority was reduced to 18, but courts of competent jurisdiction were expressly authorized to require support for a dependent person beyond the age of 18 years.
The recent case of Finn v. Finn, Fla. 1975, 312 So.2d 726, opinion filed March 26, 1975, seems to hold that dependency as a result of the bona fide pursuit of education may exist as to one between 18 and 21 years of age. However, we do not interpret either § 743.07, F.S., or the Finn case as authorizing a court to require a parent to support a child over 21 years of age, whether for educational purposes or otherwise, unless the child is dependent as a result of physical or mental deficiencies.
Accordingly, it is our view that the trial court had no authority to require appellant *763 to pay for the tuition and allowance of the 23 year old son of the parties. We therefore remand this cause with directions that the trial court delete paragraph four from the final judgment, which we affirm in all other respects.
Affirmed in part, reversed in part, and remanded with directions.
OWEN, C.J., and MAGER, J., concur.