323 So.2d 592 (1975)
James BALDI, Appellant,
v.
Milagros O. BALDI, Appellee.
No. 75-217.
District Court of Appeal of Florida, Third District.
November 12, 1975.
Rehearing Denied January 13, 1976.
William John Mason, Miami, for appellant.
Alfred D. Bieley, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and HALL, VINCENT T., Associate Judge.
NATHAN, Judge.
James Baldi appeals from provisions of a final judgment dissolving his marriage to Milagros Baldi.
The parties have two minor children. In the final judgment, the trial judge granted to the wife child support payable monthly until each child reaches age 21, and gave the wife and the two children the right to occupy the marital home until each child reaches age 21. The judgment further provides that when the oldest child reaches 21, the support for the younger child shall increase to $350 per month until he reaches 21, and that the wife shall receive permanent alimony of $250 a month not to be reduced by any income that she might receive.
The husband contends that it was error to provide for child support beyond the age *593 of 18 years, due to the emancipation act adopted by the legislature in 1973, and that it was error to award alimony which cannot be modified. In addition, he contends that although the amount of attorneys fees awarded to the wife's attorneys is not objectionable, a portion of the payment thereof should be paid by the wife.
Turning to that portion of the judgment for child support, we hold that the trial court erred in providing child support beyond the age of 18 years, by way of money payments and right of occupancy of the home, because § 743.07(1), Fla. Stat., effective July 1, 1973, removed the disabilities of nonage for persons 18 years of age or older and provided that they shall enjoy and suffer the rights, privileges and obligations of all persons 21 years of age or older. Todd v. Todd, Fla.App. 1975, 311 So.2d 769. We note, however, § 743.07(2), Fla. Stat., which provides that, "This act shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years... ." The term "dependent" is defined in White v. White, Fla.App. 1974, 296 So.2d 619, 623, and in Finn v. Finn, Fla. 1975, 312 So.2d 726. The record in this case does not reflect, nor did the trial judge find, that there is any reason for these two children to be dependent beyond the age of 18 years. Therefore, the question of support as dependent children beyond 18 years of age should be determined by the court, if requested, at the time of the attainment of majority of each child.
Relative to that portion of the final judgment granting permanent alimony not to be reduced by any income the wife would earn, we find no error. We interpret that language of the judgment to reflect the intent of the trial judge. There is nothing in this language which precludes the husband from moving for modification at a later date. Neither do we find error in the award of attorneys fees to be paid to the wife's attorneys by the husband. Accordingly, child support provisions of the judgment shall now be modified consistent with this opinion, and the court, if it deems it advisable, may take further testimony for such purpose.
Affirmed in part and reversed in part with directions.