PER CURIAM.
The appellant husband appeals from certain financial provisions of the final judgment of dissolution of marriage and supplemental orders amending the final judgment awarding attorney’s fees.
The trial judge, in his final judgment of dissolution of marriage and subsequent orders, granted the following relief to the appellee wife: rehabilitative alimony of $2,000 per month for 18 months, lump sum alimony consisting of the husband’s interest in the marital home and $150,000 cash, own *263 ership of all art objects and antiques, $45,-000 in attorney’s fees and $880.83 in costs. The final judgment also provided that at the end of the 18 month period for the payment of rehabilitative alimony “. either party may petition the Court with respect to additional rehabilitative alimony . ” Furthermore, in an order amending the final judgment, the court required the husband to continue to pay the tuition and educational benefits previously ordered by a Pennsylvania court for the education of the 22 year-old son of the appellee wife by a former marriage, who had been adopted by the appellant husband during the marriage. Another provision of the order provided that the court retain jurisdiction to see that the educational needs of the adopted son be carried out by the husband.
Appellant, in effect, asks this court to re-evaluate the evidence before the trial court concerning his ability to make the payments and to look into the propriety of the amounts of allowances provided for by the chancellor. We find, however, that we are precluded from such action by Shaw v. Shaw, 334 So.2d 13 (Fla.1976). As stated in Shaw:
* 5k * * * *
“It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it. The test . is whether the judgment of the trial court is supported by competent evidence. Subject to the appellate court’s right to reject ‘inherently incredible and improbable testimony or evidence,’ it is not the prerogative of an appellate court, upon a de novo consideration of the record, to substitute its judgment for that of the trial court.”
We believe that the judge erred when he provided that at the end of the 18 month period for the payment of rehabilitative alimony, “. . either party may petition the Court with respect to additional rehabilitative alimony . . ” Inasmuch as adequate provision is made for the appellee in the lump sum award, it is not necessary for the court to retain jurisdiction and there is no basis in the record for so doing. As this court stated in Frischkorn v. Frischkorn, 223 So.2d 380 (Fla.3d DCA 1969), “The purpose of the lump sum alimony is to discharge the husband from any further obligation to the wife after the date final judgment is entered.”
We also find that it was error for the chancellor to order the husband to continue to make payments for the educational expenses of his adopted son. Such provision was in accordance with a previous provision by a Pennsylvania court. However, Florida law dearly holds that a parent’s duty to support an adult child’s education terminates at the age of 21. See Finn v. Finn, 312 So.2d 726 (Fla.1975). The question of comity between states, with one state upholding the provisions of the judgments of another state, does not enter into this case inasmuch as the entire matter of the dissolution of the marriage and the obligations of the parties arising from the dissolution has been submitted to the court in Florida by the parties. The Florida policy on support of adult children is very strong as is the policy in general with regard to actions involving family matters. Cf. the rules in Herron v. Passailaigue, 92 Fla. 818, 110 So. 539 (1926).
Therefore, we hereby strike that provision of the final judgment providing for the parties to return to the court at the end of the 18 month period to petition for additional alimony; we strike that portion of the judgment concerning the college education of the adopted son; and we affirm the judgment as so modified.