354 So.2d 140 (1978)
James H. CYR, Sr., Appellant,
v.
Shirley D. CYR, Appellee.
No. 77-993.
District Court of Appeal of Florida, Second District.
January 25, 1978.
Clark A. Stillwell of Tucker, Hicks, Blanchard, Brannen & Stillwell, Inverness, for appellant.
No appearance for appellee.
SCHEB, Judge.
Appellant husband challenges provisions of a final judgment of dissolution awarding custody of the children (ages 8, 6, and just under 2 years) to appellee wife, and requiring him to pay $25 a week support for each child.
The trial judge included the following language in the final judgment:
This order shall be extended to any child at the time age 18 is attained, is currently enrolled or shortly thereafter shall be enrolled in any institution of higher learning not having been married, shall continue the child support payments until such time that the said child completes, terminates, marries, or is deceased or reaches the age of 21 years.
Appellant contends the trial court was without authority to require child support after the 18th birthday of each minor child. We agree. Kowalski v. Kowalski, 315 So.2d 497 (Fla.2d DCA), cert. dismissed, 319 So.2d 31 (Fla. 1975). Of course, under Section 61.13, Florida Statutes (1975), the trial court retains continuing jurisdiction to modify the amount or terms of support payments for children. Whether a child is a dependent beyond the age of 18 years should be determined by the court, if requested, at the time of attainment of majority by each child. Baldi v. Baldi, 323 So.2d 592 (Fla.3d DCA 1975). See also Section 743.07(2), Florida Statutes (1975).
We have examined appellant's other contentions and find them to be without merit.
Accordingly, the quoted language is hereby elided and, as amended, the final judgment is affirmed.
GRIMES, Acting C.J., and DANAHY, J., concur.