360 So.2d 482 (1978)
Joe R. KERN, Appellant,
v.
Ann S. KERN, Appellee.
No. 77-249.
District Court of Appeal of Florida, Fourth District.
July 12, 1978.
*483 B.F. Paty, Jr., of Paty, Downey, Lewis, Eaton, Fick & Martin, Palm Beach, for appellant.
Larry Klein, West Palm Beach, and MacMillan, Newett, Adams & Strawn, Delray Beach, for appellee.
CROSS, Judge.
Joseph R. Kern seeks review of an order entered subsequent to final judgment of dissolution of marriage requiring him to provide a college education for his adult child. We reverse.
On December 26, 1974, a final judgment of dissolution of marriage was entered dissolving the marriage of Joseph R. Kern and Ann S. Kern. Under that decree, the appellant was required to provide support for the couple's minor child. On September 14, 1976 the appellee filed a motion for modification of the child support provisions seeking an order requiring the appellant to provide a college education for the couple's child who had reached the age of majority. On January 10, 1977 the chancellor entered his order requiring appellant to pay the amount of $600 per month in child support during the time in which the couple's adult child was attending college. A rehearing was sought, but was denied. This appeal followed.
We are called upon to decide whether a parent in a dissolution proceeding, absent an agreement, may be required to provide a college education for an adult child of the marriage under the terms of a child support decree.
Dissolution proceedings, although cognizable in equity, are creatures of statute. Perla v. Perla, 58 So.2d 689 (Fla. 1952). Thus, although the chancellor presiding in a dissolution proceeding is imbued with broad discretion in the exercise of his authority, such authority is strictly delineated by the statutory rubric fashioned by the legislature. The authority of a court to award child support in dissolution proceedings is *484 granted by Section 61.13, Florida Statutes (Supp. 1977), which provides in relevant part:
"In a proceeding for dissolution of marriage, the court may at any time order either or both parents owing a duty of support to a child of the marriage to pay such support as from the circumstances of the parties and the nature of the case is equitable."
Accordingly, the authority of a divorce court is circumscribed by the requirement that child support may only be imposed against a parent which owes a duty of support to that child.
The duty to provide support for a minor child is based upon the child's incapacity, both natural and legal, and its consequent need of protection and care. At common law, this duty of child support was visited almost exclusively upon the father and was limited to that period when the child remained unemancipated. Today, the obligation of child support is recognized by statute to be upon both the mother and father jointly as the natural guardians of their natural and adopted children. Section 744.301, Florida Statutes (Supp. 1977).[1] The law recognizes that the duties of a natural guardian include the obligation to nurture, support, educate and protect the child.[2]
As a general rule, the legal duty of a parent to support his children ceases at the age of majority. Winikoff v. Winikoff, 339 So.2d 262 (Fla. 3d DCA 1976); Fincham v. Levin, 155 So.2d 883 (Fla. 1st DCA 1963); Perla v. Perla, supra. Of course, one exception to the general rule imposes a continuing duty on a parent to care for an adult child suffering from physical or mental deficiencies. Perla v. Perla, supra. Annot., Parent's Obligation to Support Adult Child, 1 A.L.R.2d 910 (1948).
Under Florida law, the disability resulting from non-age is removed for those children who are eighteen years of age or older. Section 743.07, Florida Statutes (Supp. 1977). However, subsection (2) of Section 743.07 provides:
"This act shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years."
Thus, in enacting Section 743.07, the legislature clearly did not intend that the lowering of the age of majority from twenty-one, as under former law, to eighteen would act as a bar to a court of competent jurisdiction in awarding support for a dependent child. Finn v. Finn, 312 So.2d 726 (Fla. 1975). However, in a dissolution proceeding, the legislature saw fit to specify an additional requirement to that imposed by Section 61.13; namely, that the adult child in order to receive support must be dependent. Thus, when reading Section 743.07 in pari materia with Section 61.13, it is clear that before a court in a dissolution proceeding may order support for an adult child, it must find (1) that the parent owes a duty of support, and (2) that the child is dependent upon that parent for such support.
A child attending college full time in an active and sincere pursuit of an advanced education may certainly be dependent upon his parents for support. Finn v. Finn, supra. The question remains whether there exists any duty on the part of the parent to provide his children with a college education. We think not.
The question of whether a parent owes a duty to a healthy natural adult child is one over which confusion exists among the courts of this state.[3] No such duty is *485 imposed on a child's natural guardian since these statutory duties are extinguished upon the child's emancipation. Moreover, it is clear that the children of a sound, harmonious marriage have no right to require their parents, no matter the degree of wealth they enjoy, to furnish a college education. It can hardly be contended that the law places upon the divorced parent any greater obligation toward his children than he has in the absence of divorce. In fact, such an interpretation may give rise to valid constitutional infirmities in that the state would have no reasonable grounds to treat the adult children of divorced parents any differently than the adult children of married parents. While we are fully aware that in our sophisticated, technological society, advanced education is a valuable asset, our system has not as yet imposed a duty on any parent to provide a complete college education for his children. Although a parent may suffer a moral obligation to assist children in acquiring an advanced education, we find nothing in either the jurisprudence or the statutes of this state which makes such a moral obligation legally enforceable. A parent does not owe a duty to an adult child to provide a college education. With this view, a multitude of jurisdictions in these United States agree.[4]
Furthermore, we determine that procedural irregularities exist in cases such as this which further demonstrate the incongruous results which arise when a divorce court attempts to order support for an adult child.
The instant case arose upon the mother's motion for modification of the child support provisions of the final order of dissolution. The power and jurisdiction of a divorce court to review or modify its order relating to the maintenance of children of the marriage is limited by law to that period of time in which a parent owes a duty of support to the child, which usually terminates when the child reaches the age of majority. The award of child support, although made to the mother as the child's natural guardian,[5] is solely for the benefit of the child, who, because of the disability of non-age, lacks the legal status to bring suit directly against his parent for support. Under Florida law, when a child reaches eighteen years of age, this disability of non-age is removed, and if an obligation of support exists, the child may proceed in his own right in a court of competent jurisdiction to establish such obligation. See Rudnick v. Solomon, 311 So.2d 385 (Fla. 3d DCA 1975). The parent who formerly had legal custody of the child has no pecuniary interest in such litigation. Thus, once a normal child reaches majority, a parent has no standing to seek support money for that child in the courts of this state.
Likewise, in a suit brought by one parent against the other arising from dissolution proceedings, an adult child must be viewed as a stranger to the suit. Despite the grant of full equity powers to the divorce court, nothing in the statutes gives the court the authority to decide matters involving the interests of persons who are not properly before the court. We determine, therefore, that even if a duty of support for an adult child does exist, a dissolution proceeding is not the proper forum in which to establish the existence of that obligation. Perla v. Perla, supra.
*486 In summary, we determine that a parent owes no duty of support to an adult child except in extraordinary circumstances as when the child suffers severe physical or mental incapacitation. Even should such a duty of support exist, a dissolution proceeding is not the proper forum to resolve such a dispute. Therefore, a divorce court has no jurisdiction, absent an agreement,[6] to require a parent to furnish an adult child with support, and thus may not seek to impose an obligation upon one parent or the other to provide an adult child with a college or other advanced education.
Accordingly, the order of the trial court is reversed, and the cause remanded with directions to dismiss the petition for modification.
Reversed and remanded, with directions.
MOORE, J., and DURANT, N. JOSEPH, Jr., Associate Judge, concur.
ALDERMAN, C.J., participating only on oral argument.
NOTES
[1] Section 744.301(1). The mother and father jointly are natural guardians of their own children and of their adopted children during minority.
[2] Section 744.361(1). It is the duty of the guardian of the person to take care of the person of the ward, to treat him humanely, and, if he is a minor, to see that he is properly educated and that he has the opportunity to learn a trade, occupation or profession.
[3] See, e.g., Finn v. Finn, 312 So.2d 726 (Fla. 1975); Daugherty v. Daugherty, 308 So.2d 24 (Fla. 1975); Watterson v. Watterson, 353 So.2d 1185 (Fla. 1st DCA 1977); Coalla v. Coalla, 330 So.2d 802 (Fla. 2d DCA 1976); Dwyer v. Dwyer, 327 So.2d 74 (Fla. 1st DCA 1976); Krogen v. Krogen, 320 So.2d 483 (Fla. 3d DCA 1975); Kowalski v. Kowalski, 315 So.2d 497 (Fla. 2d DCA 1975); Briggs v. Briggs, 312 So.2d 762 (Fla. 4th DCA 1975); White v. White, 296 So.2d 619 (Fla. 1st DCA 1974).
[4] Example given, Golden v. Golden, 230 Ga. 867, 199 S.E.2d 796 (1973); Jenkins v. Jenkins, 233 Ga. 902, 214 S.E.2d 368 (1975); Krone v. Krone, 503 P.2d 359 (Colo.Ct.App. II 1972); Miller v. Miller, 459 S.W.2d 81 (Ky. Ct. App. 1970); Young v. Young, 413 S.W.2d 887 (Ky. Ct. App. 1967); Price v. Price, 51 Mich. App. 656, 215 N.W.2d 756 (Ct.App.3d 1974); Genda v. Superior Ct., County of Pima, 103 Ariz. 240, 439 P.2d 811 (1968); Laws v. Laws, 432 P.2d 632 (Colo. 1967); Miller v. Miller, 52 Cal. App.2d 443, 126 P.2d 357 (Cal. App. 1942); Block v. Lieberman, 506 S.W.2d 485 (Mo. Ct. App. 1974); Childers v. Childers, 15 Wash. App. 792, 522 P.2d 83 (1976); Jensen v. Jensen, 438 P.2d 1013 (Oregon 1968).
[5] Section 744.301(1) in relevant part provides: "If the marriage between the parents is dissolved, the natural guardianship shall belong to the parent to whom the custody of the child is awarded."
[6] Nothing in this opinion should be construed as limiting the power of a court to enforce a stipulated-to agreement between the parties in a dissolution proceeding.