381 So.2d 278 (1980)
William E. FAGAN, Appellant,
v.
Maude FAGAN, Appellee.
No. 78-2401/T4-280.
District Court of Appeal of Florida, Fifth District.
February 27, 1980.
Rehearing Denied March 28, 1980.
*279 Frank M. Townsend of Townsend & Townsend, Kissimmee, for appellant.
Marvin E. Newman and Jon S. Rosenberg, Orlando, for appellee.
SHARP, Judge.
The former husband, William E. Fagan, appeals the lower court's Order on Motion for Enforcement filed by Maude Fagan, the former wife, to collect arrearages and enforce continuing child support payments for a child of the parties, who was over twenty-one years of age at the time of the enforcement proceeding and at the time the arrearages accrued. The appellant argues that the award of arrearages is erroneous because it is retroactive; that the lower court lacks jurisdiction to order arrearages or continuing support for this child; and that the former wife and mother is not the proper party to enforce the support judgment for the adult child. For the reasons stated in this opinion we disagree; and we affirm the trial court's order.
The marriage of the Fagans was dissolved by a Final Judgment dated August 17, 1973. Custody of the seventeen year-old twins, Bill and Susan, was granted to the wife; and Mr. Fagan was required to pay to the wife child support in the amount of $190.00 per month per child "until such time as each of them becomes self-supporting, married or emancipated (by any other reason than by virtue of reaching the age of eighteen.)" (Emphasis supplied).[1] In addition, the Judgment required the former husband to be responsible for all medical and related expenses for the care and treatment of the son, "occasioned by reason of his mental disorders, disabilities or impairments." Mr. Fagan made the child support payments for both children until they attained the age of 21 years, when he ceased any further support payments. Mrs. Fagan then sought enforcement of the Judgment to require Mr. Fagan to pay child support for both children from August 1977. The court denied any child support for the daughter, but based on testimony that the son was not capable of being self-supporting, the court required Mr. Fagan to pay child support of $190.00 per month for Bill, and a total of $380.00 per month until the arrearages were paid, plus interest. The lower court required Mrs. Fagan to put the funds so received in a joint savings account in her and her son's name. At the time of the hearing, the son was living with his mother, and all of the testimony before the Court indicated he would have to continue living in her home, indefinitely, because of mental problems.
Appellant first argues that the trial court erred because the award of arrearages was "retroactive", relying on Warren v. Warren, 306 So.2d 197 (Fla. 1st DCA 1974). Because of our view of the original Judgment, we do not consider the award of arrearages "retroactive" in this case. Further, the record does not demonstrate any error in the calculation of the arrearages.
Appellant argues that the dissolution court is an improper forum to enforce child-support payments for an adult child. He relies on Perla v. Perla, 58 So.2d 689 (Fla. 1952). However since that case was decided, the Florida Legislature passed Florida's "No-Fault" Dissolution Law, Chapter 61, and many revisions thereto, and Chapter 743 relating to "Disability of Nonage." Section 743.07(2) of the Florida Statutes provides that the reduction of the age of majority to 18 years shall not prohibit "any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years." (Emphasis supplied). The statute does not define the term, "court of competent jurisdiction." Section 61.13 empowers a court in a proceeding for dissolution of marriage to order a parent to pay child support. The court which enters such an order is expressly given "continuing jurisdiction" to modify the child support provisions when required *280 by the best interest of the child, change of circumstances of the parties, or "when the child or any one of the children has reached the age of 18 years." Sec. 61.13(1), Fla. Stat. (1978). Clearly, the dissolution court is empowered to order child support for a child beyond the age of 18, if he is dependant, and such court is the proper forum to determine whether the status of dependency has ended, after the child attains the age of 18 years. Finn v. Finn, 312 So.2d 726 (Fla. 1975); George v. George, 360 So.2d 1107 (Fla. 3rd DCA 1978); Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978). It is also a proper forum in which to enforce child support orders for such adult dependant children.
In this case, we construe the original Judgment entered by the lower court as constituting an order of support for a dependant child beyond the age of "majority." At the time of the Judgment the age of "majority" was eighteen years,[2] but, the Judgment expressly provided this child's becoming 18 would not terminate the child support obligation; and it required the appellant to pay all medical expenses for the son occasioned by his "mental disorders, disabilities, or impairments." No appeal was taken from that order. We must give it full credence, if sustainable. E.J. Smith Co. v. Van Straaten, 106 So.2d 226 (Fla. 3rd DCA 1958); Holiday, Inc. v. Glaser, 121 So.2d 677 (Fla. 3rd DCA 1960).
The issue before this court is thus, whether the evidence was sufficient to sustain the trial court's finding that the child, at the time of the hearing, continued to be a "dependent" child. Cook v. Cook, 305 So.2d 12 (Fla. 1st DCA 1974); In Re Estate of Donner, 364 So.2d 742 (Fla. 3rd DCA 1978). On this issue the trial court had before it the testimony of Bill's treating psychiatrist, Dr. James Parsons, and an evaluation by another psychiatrist, Dr. Lloyd Wilder. Both indicated that Bill is not currently able to be self-sustaining because of his mental condition. Dr. Parsons felt his condition was improving; Dr. Wilder was more guarded in his prognosis. At the time of the hearing Bill was able to hold a part-time job, under close supervision at a nursery; and he was attending a local junior college. Both psychiatrists said he needed continuing therapy and a sheltered type of environment to be able to function; and that he was currently not capable of managing his own affairs. The appellant argues that "dependent" child should be equated with an "incompetent" person. We reject that view, and hold that the evidence in this case sustains the trial court's finding that Bill is a "dependent" child for whom support past the age of 18 years can be required from either or both parents.[3]
Under the circumstances in this case, Mrs. Fagan was a proper party to bring the enforcement suit. She was the person to whom the child support payments were payable and she is the logical person to enforce the order.
For these reasons, the order of the lower court under review is affirmed.
AFFIRMED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] At the time the Judgment was entered, the "disability of nonage" or age of majority had been changed from 21 years to 18 years. § 743.07(1), Fla. Stat. (1973).
[2] § 61.13(1), Fla. Stat. (1978).
[3] At the time of the hearing, Bill was living with his mother, and it appeared he would have to continue to live with her indefinitely, because of his condition. She was willing to continue to supply him with a home. The lower court required that the support funds from Mr. Fagan be segregated in a special savings account in Mrs. Fagan's and Bill's joint names. The funds were to be used for Bill's support, care and benefit. Should there be any doubt or problem concerning use of the funds for Bill's benefit, or should Bill no longer make his home with Mrs. Fagan, there are remedies available to Mr. Fagan. § 61.13(1), Fla. Stat. (1978).