POLEN, Judge,
dissenting.
I respectfully dissent.
Appellant seeks review of the trial court’s order granting child support in excess of the support guidelines pursuant to section 61.30, Florida Statutes (1987), and in excess of appellee wife’s request at trial. I would affirm in part and reverse in part.
During trial, appellee testified that she needed $650.00 per month for child support, child care, medical bills and clothing. She further testified that she needed $400.00 per month rehabilitative alimony even though she planned to remain at her present position as office manager and had no intention to return for further education.
The trial court awarded appellee $650.00 per month permanent child support and an additional $310.00 per month for child care. These amounts were to -be paid solely by appellant even though appellee had the ability to contribute to the child’s support. My review of the record suggests that the trial court may have properly awarded the additional amounts in accordance with section 61.30(7) Florida Statutes (1987). I agree with the majority’s affirmance as to appellant’s first point on appeal.
However, appellant’s second point raises the issue of whether both parents are obligated to contribute to the support of their minor children. Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978). Section 61.30(9), *1326 Florida Statutes (1987), provides that each parent’s actual dollar share of the child’s support need can be determined by multiplying the minimum child support need by each parent’s pro rata share of the combined net income. The statute then allows the court to adjust the parent’s share based on several factors such as extraordinary medical expenses, independent income of the child or any other adjustment which is needed to achieve equity. See also Ombres v. Ombres (Fla. 4th DCA Mar. 21, 1990).
In the instant case, appellant husband is bearing the full brunt of child support while appellee pays nothing and has the ability to contribute. Moreover, the record is devoid of any finding or explanation by the trial court as to why it failed to apportion the child support award between both parents. The record does not support the imposition of the child support obligation solely on the shoulders of appellant.
I would reverse and remand on this point, and require the trial court to make specific findings of fact concerning each party’s ability to contribute to the child’s support. Unless specific findings would negate such a result, I would hold that the final judgment should require payment of child support in those proportions of the parties’ net income as determined by the factors enumerated in section 61.30, Florida Statutes (1987).