714 So.2d 475 (1998)
Treva D. BROWN, Appellant,
v.
Robert E. BROWN, Appellee.
No. 97-1295.
District Court of Appeal of Florida, Fifth District.
May 22, 1998.
Rehearing Stricken July 7, 1998.
*476 Dorothy J. McMichen of Dorothy J. McMichen, P.A., and Sonica J. Rhodes, Orlando, for Appellant.
Thomas D. Marks of Marks & Chong, P.A., Orlando, for Appellee.
COBB, Judge.
Treva Brown appeals from a final judgment dismissing her complaint seeking child support for her mentally disabled adult daughter.
Treva Brown (mother) and Robert Brown (father) were married in 1964 and divorced in 1970. The couple had one child, Robin, d/o/b August 5, 1968. The couple entered into a separation and property settlement agreement which was incorporated into the divorce decree. The agreement provided that the father was to pay child support for Robin until the child either marries, reaches the age of 21, dies or becomes self-sufficient.
In 1995, the mother petitioned for modification of the divorce decree seeking child support from the father for Robin, who was then 26 years old. The petition alleges that: said child is mentally handicapped in that said child has an approximate mental age of a six year old child. The dependent child was diagnosed with cerebral palsy and mental retardation prior to the entry of the Final Judgment of Divorce entered on December 10, 1970. Permanent care, custody and control of Robin Dawn Brown was given to the Petitioner/Wife pursuant to the Final Judgment of Divorce....
The trial court dismissed the petition, stating as follows:
1. The child of the parties, Robin Dawn Brown, born August 5, 1968, is an adult child with an approximate mental age of six years old and is physically and mentally unable to care for herself.
2. Said disability occurred prior to the Final Judgment of Divorce dated December 10, 1970.
3. Florida Statutes § 743.07(2) and (3) applies in the instant case.
4. A Marital Settlement Agreement (contract) was entered into between the parties which expired by its own terms on August 5, 1989, when the minor child, Robin Dawn Brown, reached the age of majority (21 years old) with no reservation of jurisdiction for child support beyond the age of majority. Said contract can only be altered, modified or extended under its own terms.
5. In order to have jurisdiction to extend child support beyond the age of majority because of mental or physical incapacity which began prior to the child reaching majority, application for the extension of child support beyond the age of majority must be made prior to the child reaching majority or jurisdiction to extend child support beyond majority expires.
6. This Court does not have jurisdiction to modify or extend rights and obligations which expired more than seven years ago.
THEREFORE, IT IS ORDERED AND ADJUDGED:
A. Jurisdiction having expired as of August 5, 1989, this Court does not have jurisdiction to set child support for Robin Dawn Brown.

*477 B. The Former Wife's Petition for Modification of Child Support filed in the above-styled cause of action is hereby dismissed with prejudice.
We affirm the dismissal of the mother's petition for modification.[1] The trial court correctly ruled that jurisdiction to modify the father's support obligation as contained in the 1970 divorce decree ended when the child reached 21 years of age. However, to the extent that the final judgment of dismissal recites that the circuit court lacks jurisdiction to set support for Robin Dawn Brown, it is erroneous.
Both the common law and statutory law impose upon a parent a duty of support for an adult dependent child who, because of mental or physical incapacity beginning prior to the child reaching majority, is unable to support herself. See § 743.07(2), Fla. Stat.; Perla v. Perla, 58 So.2d 689 (Fla.1952); Fincham v. Levin, 155 So.2d 883 (Fla. 1st DCA 1963). See also Monitzer v. Monitzer, 600 So.2d 575 (Fla. 2d DCA 1992).
Where, as here, the father has fulfilled his child support obligation as adjudicated in the divorce decree, an independent action must be brought to adjudicate the father's support obligation for an adult dependent child. See Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982), rev. denied, 426 So.2d 25 (Fla.1983); Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978).[2] The circuit court is the proper court for such adjudication. Such cause of action belongs not, as the dissent herein suggests, to the mother (by way of a modification action) but rather belongs to the dependent person, who may bring the action in accordance with Rule 1.210(b), Florida Rules of Civil Procedure. See Department of Health and Rehabilitative Services v. Holland, 602 So.2d 652, 655 (Fla. 5th DCA 1992). Indeed, the mother, as well as the father, is a potential defendant in the support action.
We therefore affirm the dismissal of the mother's petition for modification without prejudice to the filing of an independent action for support against the father and/or the mother by the adult dependent child.
AFFIRMED.
GOSHORN, J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
I respectfully dissent because I believe the dissolution court has continuing jurisdiction under § 61.13.[1] Although the statutes are unclear on this issue, only chapter 61 gives the trial court authority[2] to order support for family members. Section 743.07(2) merely reaffirms a dependent adult child's right to such support.
The majority properly finds that the dependent child[3] in this case is entitled to support from her father. Florida courts have long recognized an obligation of support for adult children on the part of a parent where the child is mentally or physically dependent, and that dependency occurred prior to the child attaining majority. Ritz v. Florida Patient's Comp. Fund, 436 So.2d 987 (Fla. 5th DCA 1983). In such cases, parental rights and obligations remain (for all practical purposes) the same as during the child's minority. Fincham v. Levin, 155 So.2d 883 *478 (Fla. 1st DCA 1963). The authority to order and enforce support obligations is found in chapter 61.
In my view, chapter 61 is the comprehensive statute which deals with support for family members. In the case of minor children, a direct action for support against a parent by the other parent may be brought. Section 61.13(1)(a) provides:
The court initially entering an order requiring one or both parents to make child support payments shall have continuing jurisdiction after the entry of the initial order to modify the amount and terms and conditions of the child support payments when the modification is found necessary by the court in the best interests of the child, when the child reaches majority, or when there is a substantial change of circumstances of the parties. (emphasis supplied)
Chapter 61 also contains provisions for support which are unconnected with a dissolution. §§ 61.09; 61.10, Fla. Stat.
Section 743.07(2), cited in the majority opinion and relied on by the trial court, does not contain language which authorizes a court to order support for adult dependent children. The chapter, entitled "Disability of Nonage of Minors Removed," pertains to emancipation of minors. Specifically section 743.07(1), which became effective on July 1, 1973 and which is relevant to "in limbo" dissolution decrees,[4] removes the disability of nonage for persons 18 years of age or older, a change from earlier statutory law which provided that a person reached majority at the age of 21. Subsection (2) clarifies subsection (1) by providing that:
[t]his section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority or if the person is dependent in fact, .... (emphasis added)
The language of this section reveals it is intended not to divest the dissolution court of jurisdiction regarding support for dependent adult children, but rather to reaffirm and clarify that the reduction in the age of majority does not deprive a dependent adult child with the substantive right to support by his or her parents beyond majority, under the described circumstances.
Although the term "any court of competent jurisdiction" is not defined, it is obvious that only the circuit court has the authority to order a parent to pay child support whether that child is a minor or a dependent adult. § 26.012. In 1993, the family division of circuit courts were created to handle all family matters. Pursuant to these new family divisions, the supreme court issued rules of procedure for family law matters, which include support unconnected with dissolution of marriage. Fla.Fam.L.R.P. 12.010(a)(1). The foregoing acts underscore the current public policy to handle family law matters apart from other civil law matters.
Parental rights and obligations remain virtually the same for adult dependent children as they are for minor children. Fincham. It is therefore not logical to remove support matters for adult, dependent children from the umbrella of chapter 61, where the parents are divorced. To do so puts form over substance. Chapter 61 includes all the rights and obligations attendant to support, including inter alia, the child support guidelines, income deduction orders, and a means for enforcing child support when the parent is located in another state. These rights and obligations should be the same no matter what the age of the "child."
I do not suggest, as the majority notes, that the right of support for a dependent adult child belongs to the mother. Rather I suggest that it belongs to the care-taking parent, whether that be the mother or father. It is also correctly noted in the majority opinion that the right of support for an adult child belongs to the dependent adult, but this is true whether the "child" is a minor or a dependent adult. Dept. of H.R.S. v. Holland, 602 So.2d 652, 655 (Fla. 5th DCA 1992); *479 Cronebaugh v. VanDyke, 415 So.2d 738, 741 (Fla. 5th DCA 1982). This right should be enforceable by the parent who has custody and is providing support for the dependent personwhether dependency stems from minority or disability commencing during minority. The conclusion that such a dependent adult must bring an independent action against both the care-taking parent, who is already supporting the dependent adult, and the non-supporting parent, illustrates the absurdity of the present state of the law.
While I would hold that the dissolution court in this case has continuing jurisdiction to determine and enforce the support for this dependent-child matter, I agree the statutes are unclear in this area. In my view, the Legislature or the Florida Supreme Court should address this important issue.
NOTES
[1] We have considered and reject the mother's claim that the trial court abused its discretion in setting aside the clerk's default entered against the father at an early stage of the litigation.
[2] The dissolution court is a proper forum to enforce or modify a child support order for an adult dependent child where the dissolution court, in the original divorce decree, adjudicated support for the child to extend beyond the age of majority. See Fagan v. Fagan, 381 So.2d 278 (Fla. 5th DCA 1980); George v. George, 360 So.2d 1107 (Fla. 3d DCA 1978). That is not what occurred in this case.
[1] Although the supreme court held that such an action is improper during a dissolution proceeding in Perla v. Perla, 58 So.2d 689 (Fla.1952), the dissolution law has been completely rewritten since that time.
[2] That is, the statutes contain the language "may order" support when the trial court so determines support is proper.
[3] Section 409.2554(2) defines dependent child as "any person who is mentally or physically incapacitated when such incapacity began prior to such person reaching the age of 18." (emphasis added)
[4] An "in limbo judgment" is one rendered prior to July 1, 1973, which requires child support payments until the child attains twenty-one years, or his "majority." After that date, the age of majority was reduced to eighteen, leaving this child support issue "in limbo."