841 So.2d 484 (2003)
Jean Audrey HASTINGS n/k/a Jean Audrey Shepard, and Lance Hastings n/k/a Lance Shepard, Appellants,
v.
Lawrence Vaeth HASTINGS, Appellee.
No. 3D02-815.
District Court of Appeal of Florida, Third District.
January 22, 2003.
Rehearing and Rehearing Denied March 28, 2003.
*485 Delancy Hill, P.A. and Patricia A. Dempsey, for appellants.
Brenda M. Abrams (Boca Raton), for appellee.
Before COPE, LEVY, and FLETCHER, JJ.
Rehearing and Rehearing En Banc Denied March 28, 2003.
FLETCHER, Judge.
In 1953 Jean Audrey Hastings, n/k/a Jean Audrey Shepard [mother] and Lawrence Vaeth Hastings [father] divorced. The father was ordered to pay child support until their son reached the age of 21.[1] In 2001 the father filed a declaratory action, seeking to have determined whether he has an obligation to pay support for his 50-year-old son, who has an autism-related, chronic condition (Asperger's syndrome) for which he began receiving treatment at age 8.[2] The mother and the son counter-petitioned for the establishment of support for the son under Section 743.07(2), Florida Statutes, a savings clause enacted when the disability of nonage was removed for persons 18 years of age and over.[3] Section 743.07(2) reads in pertinent part:
"This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority ..."[4]
By this enactment the legislature did not create a right or a cause of action, but "saved" any common law right or cause of action from extinction by section 743.07(1).
The trial court granted summary judgment for the father, apparently concluding that after the passage of many years it is now too late for the support action to be brought. We disagree.
First, there is no doubt that the son has a common law right of support from his parents. Perla v. Perla, 58 So.2d 689 (Fla.1952)("Generally, the obligation of a parent to support a child ceases when *486 the child reaches majority, but an exception arises when the child is, from physical or mental deficiencies, unable to support himself."); Fincham v. Levin, 155 So.2d 883 (Fla. 1st DCA 1963)(Father was obligated to support or contribute to support of unmarried, adult daughter, who lived with divorced mother and, since birth, had been mentally and physically unable to care for or support herself). See also Brown v. Brown, 714 So.2d 475 (Fla. 5th DCA 1998). In Brown, the Fifth District Court pointed out that the right to such support from the father belongs to the dependent adult child, not to the mother. "Indeed, the mother, as well as the father, is a potential defendant in the support action." Brown, at 477. Thus a dependent person may bring an independent action to enforce her or his right to support from his or her parents.
In summary, the right to support belongs to the mentally or physically disabled adult child whose disability began prior to her or his majority, and the duty of support lies with both parents, throughout their lives. Thus the issue of support is not totally resolved in divorce actions wherein the mother and father allocate (or have allocated for them) the support payments for their dependent child as such a dependent person can bring an action in accordance with the rule establishing appropriate parties in actions involving legal incompetents. Brown, at 477.
The trial court, in entering summary judgment for the father, relied on cases such as Cyr v. Cyr, 354 So.2d 140 (Fla. 2d DCA 1978) and Baldi v. Baldi, 323 So.2d 592 (Fla. 3d DCA 1975). These decisions state that whether a minor is a dependent person entitled to support payments beyond the time of attaining majority is a question to be determined by the court at the time of the minor's attaining majority. These cases, however, were not meant to apply to situations as the instant one. Cyr and Baldi dealt with the statutory nonage change of section 743.07(1), Florida Statutes and whether child support should be to age 18 or to age 21. They do not affect a dependent person's right to an independent action against her or his father or mother, which action can brought at any time as the parents remain responsible for support throughout the dependency, and throughout their lives.
Reversed and remanded for further proceedings consistent herewith.
COPE, J., concurs.
LEVY, Judge (dissenting).
I respectfully dissent.
The issue in this case is whether, 29 years after attaining the age of majority, an adult child may initiate, for the first time, a cause of action for support from a parent when the condition alleged by the child to necessitate a finding of dependency was known to all parties involved for approximately 42 years prior to the commencement of the action. I would hold that, under the circumstances presented in this case, an adult child is time-barred from initiating such a cause of action.
The majority opinion, while correctly stating that an independent action exists to adjudicate the obligation of the parents to support a dependent adult child, disregards this Court's opinion in Baldi v. Baldi, 323 So.2d 592 (Fla. 3d DCA 1975), and explicitly holds that, as long as the alleged infirmity existed before the child reached the age of majority, such an action may be brought by the adult child "at any time" regardless of the period of time that elapsed after the child reached the age of majority.
The majority opinion incorrectly dismisses Baldi as a case that exclusively deals "with the statutory nonage change *487 ... and whether child support should be to age 18 or to age 21." Contrary to the majority's reading of Baldi, however, the opinion neither evaluates nor interprets the statutory nonage change. Rather, Baldi proves to be particularly instructive in the instant case.
In the portion of Baldi that is pertinent here, this Court quoted the language of Section 743.07(2), Florida Statutes,[5] which stated that the statute did "not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years ...". We further declared that "the question of support as dependent children beyond 18 years of age should be determined by the court, if requested, at the time of the attainment of majority of each child. Baldi, 323 So.2d at 593 (emphasis added); see also Cyr v. Cyr, 354 So.2d 140, 140 (Fla. 2d DCA 1978). Accordingly, I would affirm on the authority of Baldi, which requires that an action for post-majority support be initiated at the time of attainment of majority.
Although the majority concludes that a dependent person's right to an independent action against a parent can be initiated "at any time," none of the cases cited to in the majority opinion stand for such a proposition. The majority opinion cites to Perla v. Perla, 58 So.2d 689, 690 (Fla. 1952), for the general proposition that, unless the child is unable to support herself by virtue of physical or mental deficiencies, the obligation of a parent to support a child ends when the child reaches majority. While I agree with the general proposition, it should be noted that Perla and Brown v. Brown, 714 So.2d 475, 477 (Fla. 5th DCA 1998), explain that a cause of action for support for an adult child cannot be initiated by a parent through a divorce proceeding, but must be brought by the adult child through a direct action.[6] In fact, neither Perla nor Brown ever reaches the question of whether the adult child for whom support was sought was actually entitled to that support. Finally, in Fincham v. Levin, 155 So.2d 883, 884 (Fla. 1st DCA 1963), where the First District concluded that the father of a dependent adult child was obligated to contribute to the support and maintenance of that child, the post-majority support was sought only four years after the attainment of majority. Without getting into the mathematical gymnastics of determining the point at which an adult child will be time-barred from initiating such a cause of action, I note that, in the instant case, the adult child was 50 years old, and sought support from his father 29 years after he attained the age of majority. To the extent that it is determined that this cause of action may be initiated after such an extraordinary amount of time after the attainment of majority, that determination should be made, not by this Court, but by the Legislature. For the foregoing reasons, I would affirm the Order granting summary judgment for the father.
NOTES
[1] The age of majority at that time. See, e.g., Baldi v. Baldi, 323 So.2d 592 (Fla. 3d DCA 1975).
[2] The mother supported the parties' dependent son by herself from the time the son was 21 until recently when she became unable to continue doing so.
[3] By Section 743.07(1), Fla. Stat. (effective July 1, 1973).
[4] Our decision here is limited to those situations in which the dependent person became mentally or physically incapacitated prior to her or his reaching majority.
[5] The substance of the current Section 743.07(2), Florida Statutes, is the same as it existed at the time of the Baldi opinion.
[6] In Perla, the Florida Supreme Court reasoned that a marital settlement agreement between the mother and the father did not necessarily relieve the father in the future of any direct duty to the child. See Perla, 58 So.2d at 690. The court went on to explain that "[t]he mother should not, in a divorce proceeding, be made a medium through which payments coerced from the father would reach an adult child." Perla, 58 So.2d at 690.