562 A.2d 324

**Bernardine Conway POWELL, Appellee,**

v.

**Cyril F. CONWAY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1988.

Filed June 29, 1989.

Reargument Denied Aug. 23, 1989.

Richard H. Roesgen, Williamsport, for appellant.

James D. Casale, Williamsport, for appellee.

Before WIEAND, OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, Judge:

This is an appeal from a trial court order directing appellant to pay child support. Appellant raises two issues for our review: (1) whether the trial court erred in failing to dismiss appellee's complaint after a Florida court order disposed of appellee's claim for support pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA); and (2) whether an adult child who is estranged from her parent should be denied support from that parent for college expenses. We affirm.

On December 18, 1986, appellee, on behalf of the parties' daughter, Jennifer, filed a complaint seeking support for tuition and other expenses incurred by Jennifer as a college student.[1] On March 6, 1987, appellant filed a preliminary objection, in the nature of a demurrer, claiming that the instant action was barred by a final judgment entered in the State of Florida. This final judgment provided for dismissal of a URESA support proceeding in Florida Circuit Court on the ground that Jennifer was emancipated, having

---

1. Jennifer's date of birth is April 28, 1968. Attached to the complaint is a signed authorization by Jennifer to file a petition on her behalf "for support as well as for payment of [her] college education."

reached her 18th birthday and completed high school.[2] On June 19, 1987, appellant's preliminary objection was dismissed; and upon stipulation, the matter was submitted to a master without a hearing. The master filed his report, and ordered appellant to pay college expenses and arrearages. Exceptions were timely filed by appellant and, on January 13, 1988, a hearing *de novo* was held before the trial court. On February 3, 1988, the trial court issued an order directing appellant to pay $50 in support per week, retroactive to the date of the filing of the Pennsylvania complaint. The trial court further ordered that:

> Beginning on the 10th day of February, 1988 and on or before the 10th day of each month thereafter, the defendant shall pay to Jennifer Conway the sum of $217.00 per month. The arrearage which has accumulated between the filing of the complaint on December 19, 1986 and today's date shall be liquidated through a lump sum.

Order at 2. This appeal followed.

■ Appellant maintains that the trial court erred in failing to dismiss appellee's complaint because a prior Florida order barred the instant action for support. Appellant asserts that the trial court was required, pursuant to the Full Faith and Credit Clause, Article IV, Section 1, of the United States Constitution,[3] to give effect to the judgment of the Florida Circuit Court. In accordance with the full faith and credit clause, an out-of-state judgment is to be given the same recognition and *res judicata* effect as it would receive in the state in which it is rendered. *Morris Lapidus Associates v. Airportels, Inc.*, 240 Pa.Super. 80, 82, 361 A.2d 660, 662 (1976) (allocatur denied). It is evident that Florida does not recognize a cause of action by an adult

2. While Jennifer was a minor, appellant filed a complaint in Florida under the Uniform Reciprocal Enforcement of Support Act. On January 11, 1980, a URESA support order was entered in the Court of Common Pleas of Lycoming County.

3. Article IV, Section 1 of the United States Constitution provides in pertinent part: "Full Faith and Credit shall be given in each State to the ... judicial Proceedings of every other State and the Congress may by general Laws prescribe the Manner in which such ... Proceedings shall be proved, and the Effect thereof."

child for payment of college expenses by either parent. In *Kern v. Kern*, 360 So.2d 482 (Fla.App.1978), the Florida District Court of Appeals was called upon to decide "whether a parent in a dissolution proceeding, absent an agreement, may be required to provide a college education for an adult child of the marriage under the terms of a child support decree." *Id.* 360 So.2d at 483. The Florida court concluded, *inter alia*, that a parent owes no duty to an adult child to provide a college education. The court reasoned:

> The question of whether a parent owes a duty to a healthy natural adult child is one over which confusion exists among the courts of this state. No such duty is imposed on a child's natural guardian since these statutory duties are extinguished upon the child's emancipation. Moreover, it is clear that the children of a sound, harmonious marriage have no right to require their parents, no matter the degree of wealth they enjoy, to furnish a college education. It can hardly be contended that the law places upon the divorced parent any greater obligation toward his children than he has in the absence of divorce. In fact, such an interpretation may give rise to valid constitutional infirmities in that the state would have no reasonable grounds to treat the adult children of divorced parents any differently than the adult children of married parents. While we are fully aware that in our sophisticated, technological society, advanced education is a valuable asset, our system has not yet imposed a duty on any parent to provide a complete college education for his children. Although a parent may suffer a moral obligation to assist children in acquiring an advanced education, we find nothing in either the jurisprudence of the statutes of this state which makes such a moral obligation legally enforceable. A parent does not owe a duty to an adult child to provide a college education. With this view, a multitude of jurisdictions in these United States agree.

*Id.* at 484–485 (footnotes omitted). Although there is no parental duty to provide a college education under Florida

law, it does not follow, however, that the Florida judgment bars the instant claim for college expenses. We are not compelled to recognize out-of-state judgments that contravene the public policy of this Commonwealth. *See Myers v. Young*, 285 Pa.Super. 254, 258, 427 A.2d 209, 212 (1981) (Virginia order suspending support and inconsistent with policy of Pennsylvania did not preclude entry of Pennsylvania support order). In Pennsylvania, an adult child, under certain circumstances, is entitled to receive financial assistance from either parent for his college expenses. *See Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182, 183 (1963); *Milne v. Milne*, 383 Pa.Super. 177, 556 A.2d 854 (1989). Thus, enforcement of the Florida judgment would directly contravene the public policy of this Commonwealth. In light of the foregoing, we find that the trial court did not err in rejecting appellant's argument.

■ Appellant also maintains that the trial court erred in awarding support for college expenses to a child who has reached majority and is estranged from her parents. Appellant relies on this Court's decision in *DeWalt v. DeWalt*, 365 Pa.Super. 280, 529 A.2d 508 (1987). We agree with appellant that the *DeWalt* Court stated that an adult child should not be entitled to payment of college expenses by a parent whom he has shunned. We, however, note that the pertinent language in *DeWalt* is dicta and, therefore, not controlling. Nonetheless, we recognize that this Court, in its *en banc* decision in *Milne v. Milne, supra,* has directly addressed this issue of estrangement and we, accordingly, rely on its precedential value.[4] In *Milne*, this Court held that an adult child's willful estrangement from his or her parent is a factor to be considered by the trial court in determining whether a parent is excused from contributing to the child's college education. This Court stated:

4. *Milne, supra,* was decided by this Court during the direct appeal of the instant case. It is well established that an intervening change in law must be applied to cases which are in the throes of appeal when the change occurs. *Leland v. J.T. Baker Chemical Co.,* 282 Pa.Super. 573, 577, 423 A.2d 393, 396 (1980).

[W]e now make it clear that estrangement is ·one of the circumstances to be formally considered in deciding post-minority support cases. It should not necessarily be a complete defense to such an action, barring an award, nor even a dispositive factor, but it should be weighed in the equitable balance. The question is not whether we would choose to address certain concerns, but rather whether those concerns need to be addressed in order to reach a just result, one that takes into account the welfare of the child, the good of society and the continued existence of the family. A family includes parents.

If as an adult, a child repudiates a parent, that parent must be allowed to dictate what effect this will have on his or her contribution to college expenses for that child. We will not provide such a child with the means of inflicting yet another blow to a parent who has already suffered the deeply painful rejection of his or her child. Just as divorcing parents run the risk of alienating their children, adult children who willfully abandon a parent must be deemed to have run the risk that such a parent may not be willing to underwrite their educational pursuits. Such children, when faced with the answer "no" to their requests, may decide to seek the funds elsewhere; some may decide that the time is ripe for reconciliation. They will not, in any event, be allowed to enlist the aid of the court in compelling that parent to support their educational efforts unless and until they demonstrate a minimum amount of respect and consideration for that parent.

*Id.* 383 Pa.Super. at 197–198, 556 A.2d at 865. Applying the principles and rationale delineated *supra,* this Court found that the trial court erred in ordering Karen Milne to contribute to the costs of the college education of her son, Caleb Milne. The record clearly indicated that Caleb was estranged from his mother as a result of his own unilateral actions. This Court stated:

Caleb Milne and his mother are estranged. It is undisputed that it was Caleb's unilateral choice to leave his mother's house. Caleb's testimony shows his feelings of

justification in cutting off relations with his mother and his lack of desire to improve them. The record indicates that, while her attempts to stay in contact with him have not been successful, she has made some efforts to leave the door open for his approach, should he wish to do so.

*Id.* 383 Pa.Super. at 185, 556 A.2d at 859. These facts contrast greatly with those found by the trial court in the instant case:

Here, the facts do not support a finding that the child unilaterally shunned her father's love. Rather, the weight of the evidence presented at this hearing shows that when the mother and father separated in 1974, they agreed that the father would maintain custody of the two older boys, and the mother would have custody of the daughter. Neither parent appears to have any significant involvement with the out-of-custody child(ren) after that date. The father did pay child support for his daughter as he was required by Court Order. However, there is no indication that he made any significant effort to maintain a relationship with her. About the time the daughter reached majority (summer of 1985), she traveled from Florida, where she had been living with her mother, to visit her mother's relatives in Pennsylvania. She took the initiative to telephone her father in the hope of meeting with him. She would meet him only if he was alone, and he would meet with her only if his second wife and other family members were present. The meeting never took place. What we have here, then, appears to be more of a mutual rejection than a case where estrangement results solely from a child rejecting her father's loving overtures.

Opinion at 18–19. Unlike the circumstances in *Milne*, the instant case does not require consideration of Jennifer's interaction with her father "to reach a just result." Both Jennifer and her father are responsible for any estrangement between them. Consequently, we find no error by the trial court in failing to consider estrangement as a factor in

8

its determination.[5]

Order affirmed.

WIEAND, J., concurs in the result.

---

**5.** The trial court distinguished the case *sub judice* from *DeWalt, supra.* We note that we may affirm the decision of the trial court without regard to the grounds relied upon by the trial court. *Grim v. Betz,* 372 Pa.Super. 614, 618, 539 A.2d 1365, 1367 (1988).