**Susan M. CLARK, n/k/a Susan M. Perun, Appellee,**

v.

**Lance M. CLARK, Appellant.**

Superior Court of Pennsylvania.

Argued April 15, 1998.
Filed June 17, 1998.

Lance M. Clark, appellant, pro se.

Before JOYCE, ORIE MELVIN and MONTEMURO *, JJ.

MONTEMURO, Judge:

Lance Clark, Father, appeals from the June 24, 1997 Order entered in the Court of Common Pleas of Lehigh County directing him to pay child support in the amount of $289.00 per week plus $25.00 arrears effective May 1, 1996. We reverse because in determining the award, the trial court mistakenly relied upon a child support order entered in the state of Indiana.

The convoluted procedural history of the instant matter began on August 22, 1994 when the Indiana Superior Court entered a decree dissolving the parties' eight-year marriage. The parties' Property Settlement Agreement (PSA), which merged into the divorce decree, provided, *inter alia*, that Mother, Susan Clark, would exercise physical custody over the two minor children born of the union and that Father would pay child support in the amount of $1,250 per month, approximately $289 per week.

At about the time the marriage terminated, Mother moved with the children to Le-

* Retired Justice assigned to the Superior Court.

high County, Pennsylvania. Eventually, Father followed his children to this Commonwealth and was residing here when on May 1, 1996 Mother filed a Complaint for Support in the Court of Common Pleas of Lehigh County. In this pleading, Mother made no mention of the existence of the Indiana support award; rather, she asserted under penalty of perjury that "[t]here are no other complaints and/or support orders pending or entered for the Plaintiff in this or any other court." (Complaint for Support 5/1/96 at Paragraph 8).

Lehigh County transferred the case to the Domestic Relations Section of the Court of Common Pleas of Montgomery County, which entered a child support order on September 16, 1994, requiring Father to pay $258 per week. On October 24, 1996, nearly 6 months after filing her Complaint for Support and well after Father had relocated to Pennsylvania, Mother attempted to register the Indiana support order in Dauphin County without notice to either Lehigh or Montgomery County. On October 25, 1996, the Montgomery County court determined that it lacked venue and returned the action to Lehigh County, which on January 28, 1997, registered the Montgomery County award of $258 per week, believing the transfer to be a request to register a foreign order.

On April 11, 1997, the Domestic Relations Hearing Officer for the Court of Common Pleas of Lehigh County recommended that Father's support obligation be reduced to $238 per week. Father filed a demand for a hearing *de novo*, which was held on June 10, 1997. At that proceeding, Mother finally brought the Indiana decree to the attention of the Lehigh County court. Presented with this information, the trial judge concluded that Pennsylvania was obligated to honor the Indiana order, and, further, that no material change in circumstances had occurred since the Decree of Dissolution was entered. Accordingly, the trial court ordered Father to pay $289 per week child support in accordance with the Indiana award, as well as all unreimbursed medical expenses for the two

children. Father filed a timely appeal from this order.

On appeal, Father raises four issues:[1]

1. Whether the trial court erred in its decision to enforce a support order from the State of Indiana where the [Mother] waived any claim to said support order and had chosen to seek support pursuant to the Pennsylvania Support Guidelines, and where the original support order is part of a Property Settlement Agreement which is no long valid?

2. Whether the trial court erred in its refusal to modify a 3–year old Indiana support order given that such an order is subject to modification under both Indiana and Pennsylvania law, and given the substantial and ongoing changes in circumstances which have occurred since the Indiana Support order was entered?

3. Whether the trial court abused its discretion in its decision to impose a substantial support arrearage upon [Father] by retroactively applying an increased support amount contained within an Indiana Property Settlement Agreement, particularly when such a decision is in contravention to other prior and existing court orders and where such an order would negatively impact other provisions in the Property Settlement Agreement?

4. Whether the trial court erred in ordering [Father] to pay 100% of the uninsured medical costs pursuant to an Indiana Property Settlement Agreement when those costs are already incorporated into [Father's] support payments pursuant to the Indiana Support Guidelines?

(Appellant's Brief at 3–4).

■ We hold that because Mother failed to register the Indiana order prior to Father's move to this Commonwealth, she cannot rely on the previous order as a basis for determining the level of child support. Rath-

er, the Pennsylvania trial court must determine Father's child support obligation in accordance with the Pennsylvania guidelines and other state law applicable to the molding of such an award.

■ Initially, we note that this Court utilizes an abuse of discretion standard when reviewing a child support order. *Rudick v. Rudick,* 441 Pa.Super. 558, 657 A.2d 1307, 1310 (1995).

> "An abuse of discretion 'is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.' "

*Id.* (citations omitted.)

■ We first address the validity of both the PSA entered into at the time of the divorce and the Indiana order into which that agreement was merged. "If a property settlement agreement is merged into a divorce decree or court order, ... the agreement takes on all of the attributes of support [o]rders for purposes of modification and enforcement. Such an agreement, therefore is no longer enforceable as a contract but is subject to the full range of modification and change permitted to [support] orders...." *Ashbaugh v. Ashbaugh,* 426 Pa.Super. 589, 627 A.2d 1210, 1215 (1993) (quoting *Flick v. Flick,* 408 Pa.Super. 110, 596 A.2d 216, 218 (1991)). In the instant matter, the language of the Indiana divorce decree unequivocally states that the "Property Settlement Agreement of the parties filed with the Court ..., is hereby incorporated and merged into this Decree." (Indiana Decree of Dissolution 8/22/94 at Paragraph 5). In light of this provision, the relevant law dictates that the PSA possesses all the attributes of a support order, and does not survive as a separate agreement.

■ Given the existence of a modifiable order from a foreign state, we next turn to the present enforceability of the Indiana sup-

---

1. Father's two page Statement Of the Questions Involved violates Pennsylvania Rule of Civil Procedure 2116, limiting this portion of the brief to one page. However, because this breach does not preclude meaningful review, we reach the merits of his claims.

port award. Under Article IV, §1 of the United States Constitution, each state must give "full faith and credit to the . . . judicial proceedings of every other state." This mandate, however, applies only to final orders; therefore, Pennsylvania courts have held that the Full Faith and Credit Clause does not apply to modifiable child support orders.[2] *Schoenfeld v. Marsh*, 418 Pa.Super. 469, 614 A.2d 733, 736 (1992). Pennsylvania, in conjunction with other states, adopted the Uniform Interstate Family Support Act, (UIFSA), 23 Pa.C.S. § 7101 *et seq.*, to provide for the interstate enforcement of modifiable support obligations.[3] *See Schoenfeld*, 614 A.2d at 736. The Act provides a registration process, which requires that certain documents be sent to the appropriate tribunal in the receiving state.[4] 23 Pa.C.S. § 7601-02. Once registered in the Commonwealth, a foreign order may be enforced as if it had been issued here. 23 Pa.C.S. § 7603. Further, the UIFSA requires that the nonregistering party receive notice of registration, and provides a procedure through which the validity or enforcement of the registered order may be contested. 23 Pa.C.S. § 7605-06. The Act also restricts the circumstances under which Pennsylvania may modify a registered foreign support order. 23 Pa.C.S.

§ 7610. Finally, the Comments to the UIFSA address the conditions in which the Act is applicable:

> [I]f both parties have left the issuing state[, Indiana,] and now reside in the same state . . . [s]uch a fact situation does not present an interstate matter and UIFSA does not apply. Rather, the issuing state has lost its continuing exclusive jurisdiction and the forum state, as the residence of both parties, should apply local law without regard to the interstate Act.

Uniform Interstate Family Support Act § 611 (Comment).

The record in the instant case does not reveal exactly when Father moved to Pennsylvania. However, Mother indicated on the Complaint for Support filed in Lehigh County that Father resided in Pennsylvania, establishing that he lived in this Commonwealth both prior to Mother's initial request for support in Pennsylvania, and prior to her attempt to register the Indiana order in Dauphin County.[5] Therefore, because both parties resided in Pennsylvania, Mother's attempt to register the Indiana order occurred subsequent to expiration of the registration period provided by the above detailed Act.[6]

---

**2.** The dissolution of the marriage is a final determination; therefore, that portion of the decree is entitled to full faith and credit.

**3.** This statutory scheme has been enacted in several different forms by our legislature: Uniform Reciprocal Support Act, 62 Pa.C.S. § 2043-3 *et seq.* (repealed. . . .); Revised Uniform Reciprocal Support Act (RURESA), 42 Pa.C.S. § 6741 *et seq.* (repealed October 30, 1985); Revised Uniform Reciprocal Support Act (RURESA), 23 Pa.C.S. § 4501 *et seq.* (repealed April 4, 1996); and, most recently, Uniform Interstate Family Support Act (UIFSA), 23 Pa.C.S. § 7101 *et seq.*, which became effective on April 4, 1996. As Mother initiated support proceedings on May 1, 1996, interstate questions will be determined under the UIFSA.

**4.** An obligee may also enforce foreign orders through two alternate procedures: (1) sending an income-withholding order to the obligor's employer, who then must distribute the funds in accordance with the order, or (2) sending the support order directly to the enforcement agency of the receiving state, which, without initially seeking to register the order, may use any administrative procedure authorized by the law of that

state to enforce the obligation. 23 Pa.C.S. § 7501-02.

**5.** We note our displeasure with Mother's attempt to assert the Indiana order after disavowing its existence under oath. Mother's first activity in Pennsylvania courts with regard to child support occurred when she filed a Complaint for Support averring that no other orders existed. Only after a Pennsylvania court awarded her an amount less than provided by the Indiana decree did she attempt to assert the foreign decision in Dauphin County. Further, even after bringing the Indiana award to the attention of the Dauphin County court, she continued with proceedings in Lehigh and Montgomery Counties without providing notice of the Indiana determination to those jurisdictions. Apparently accepting that the Pennsylvania award would be less than Indiana's and much less than she expected, she decided to assert the terms of the decree at a third Pennsylvania support determination. We find this attempt to manipulate our judicial system extremely disturbing.

**6.** The record does not indicate the result of Mother's attempt to register the order in Dauphin County; however, regardless of the result, the attempt was made after the time period in which the UIFSA was available to the parties.

The registration procedure for foreign child support orders is provided exclusively by the UIFSA. No other law of this Commonwealth provides a process for recognizing foreign child support awards; therefore, no method exists whereby the Indiana decree could be recognized. As a result, because the order is not presently and cannot hereafter be registered,[7] the trial court must determine a support award independent of the Indiana decree.

Moreover, there exists an additional ground for excluding the Indiana support order from consideration at the most recent Lehigh County support hearing. Even if the Interstate registration procedure had been followed properly in Dauphin County, we still could not allow Mother to assert the support award in Lehigh County without first registering the order pursuant to the Intrastate Family Support Act,[8] 23 Pa.C.S. § 8101 et seq., in that county. The Intrastate Act provides for the registration of orders between different counties within Pennsylvania through means substantially similar to those provided in the UIFSA. These similarities include an inter-county registration process which contains procedural safeguards and opportunities to challenge registration. 23 Pa.C.S. § 8401–13. In the instant case, even if mother's attempt to register the order in Dauphin County had been proper and successful, she failed to follow the procedure for recognition between Dauphin and Lehigh Counties. Rather, she simply mentioned at the most recent Lehigh proceeding that an Indiana order had been issued. Allowing Mother to assert the order in this manner deprives Father of the protections provided by our Legislature. Therefore, for this reason too the trial court erred in relying on the Indiana order.

■ As the challenged order was entered following a hearing *de novo* pursuant to Pennsylvania Rule of Civil Procedure 1910.11, we reverse the decision and remand for another hearing *de novo* in the Lehigh County Court of Common Pleas to determine Father's support obligation under Pennsylva-nia law without regard to the Indiana order. Additionally, we note that once the trial court determines a support obligation in accordance with this Opinion, there will be in existence two orders entered by two states, Indiana and Pennsylvania, which possessed competent jurisdiction at the time each award was made. Under the UIFSA, the order of the Pennsylvania court, as the forum with continuing and exclusive jurisdiction, will be the one with operative effect. At the time the Indiana court entered the Decree of Dissolution, it possessed continuing exclusive jurisdiction over support matters. Continuing and exclusive jurisdiction is retained by the state as long as the obligor, the obligee, or the child for whose benefit the support order is issued remains in the state. 23 Pa.C.S. § 7205. Obviously, as both parties now live in Pennsylvania, Indiana no longer meets these requirements. When the trial court enters an order, Pennsylvania will be the state with continuing and exclusive jurisdiction, as all relevant parties reside within its boundaries. The Act provides that "[i]f two or more tribunals have issued child support orders for the same obligor and child and only one of the tribunals would have continuing, exclusive jurisdiction under this part, the order of that tribunal must be recognized." 23 Pa.C.S. § 7207. Therefore, Pennsylvania's order will be entitled to primacy over Indiana's determination.

As we agree with Father that Mother may not rely upon the Indiana child support determination, we need not address his remaining issues.

Accordingly, for the foregoing reasons, we reverse the decision of the trial court and remand for proceedings consistent with this Opinion.

Order Reversed. Remanded. Motion to Quash Denied.

Jurisdiction relinquished.

---

7. This result does not affect the ability of a party to enforce a separation agreement not merged into the final decree.

8. Unlike previous statutes dealing with the reciprocal recognition of support orders, the current version clearly delineates interstate and intrastate matters.