J-S19012-25                    2025 PA Super 134

| CHARLES GEORGE COCHRANE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EVAGELIA TSELEKIS | : | |
| | : | |
| Appellant | : | No. 3108 EDA 2024 |

Appeal from the Order Entered November 1, 2024
In the Court of Common Pleas of Pike County
Domestic Relations at No(s): 40191-2023,
PACSES: 657302498

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

OPINION BY PANELLA, P.J.E.:                    **FILED JULY 1, 2025**

Evagelia Tselekis ("Mother") appeals from the order entered by the Pike County Court of Common Pleas on November 1, 2024, affirming a support order entered by the court on August 9, 2024. Notably, the August 9, 2024 order terminated a prior child support order entered by the Pike County court on March 22, 2024, and directed Mother to continue to pay arrears to Charles George Cochrane ("Father") until the balance was paid in full. Importantly, the above orders had the effect of modifying a prior decree issued in Maryland, which had set forth a final child support agreement between Mother and Father. While the appeal raises questions of substantive error, the sole issue addressed in this opinion is whether the courts of Pennsylvania had jurisdiction to enforce and/or modify a prior custody order issued in another state. After careful review, we are constrained to reverse and remand.

Preliminarily, we note that the interstate nature of the history of this matter presents a somewhat protracted and confusing procedural record. After a close review of the record, we have ascertained the following procedural posture.

Mother and Father are the natural parents of a child born on February 23, 2006 ("Child"). The parties and Child formerly lived in Maryland. On March 18, 2019, a Maryland county circuit court entered a consent order between the parties, pursuant to which Mother and Father agreed to maintain joint legal custody, and shared physical custody on a stipulated schedule. Further, Father was ordered to pay child support of $100 per month to Mother.

Father subsequently filed a petition to modify child support with the Maryland court. On June 21, 2021, the parties appeared for a hearing on the motion, during which both parties acknowledged that, following a settlement conference, they had agreed to eliminate the need for either party to make a direct child support payment to the other and would instead each be responsible for support when Child, who was 15 years old at that time, was in their custody. The judge who conducted the settlement conference indicated on the record that "[i]t is their intent that this will continue through to the age of majority for the child, and that neither will seek modification of this agreement." N.T., 6/21/21, at 7. The court colloquied Father on his understanding of the agreement, and Father affirmed that "[t]o the extent possible, the parties have agreed that this is not modifiable, and will be in

- 2 -

place until the child turns 18." *Id.* at 9. Mother also assented to the agreement and affirmed her understanding that if the court accepted the agreement, neither party could appeal the agreement based on the appellate rules regarding consent. *See id.* at 11-12. The court found each party properly assented to the agreement, and that the agreement was in the best interests of the child. *See id.* at 13. The court therefore accepted the agreement and indicated it would draft a new court order consistent with the terms as outlined at the hearing. *See id.*

Accordingly, on June 25, 2021, the Maryland court entered an order directing that "as stated on the record [at the hearing on June 21, 2021], the court accepts the parties' agreement to eliminate the need for either party to make a direct child support payment" and replacing it "with an arrangement whereby each parent will pay the child's expenses when the child is in their custody." Maryland Court Order, 6/25/21. All other provisions of the prior consent order were to remain in effect. *See id.*

Father subsequently moved to Florida where he currently resides with Child. On April 14, 2023, Father filed a Uniform Support Petition in Florida. At the time, Mother continued to live in Maryland. However, in light of Mother's soon thereafter move to Pennsylvania, Father filed a Uniform Support Petition with the trial court in Pike County, Pennsylvania, on December 19, 2023, on the grounds that Mother had not provided child support since July 17, 2021, and requesting modification of the support order based on Father's assertion

that "the needs of the children have substantially changed." Uniform Support Petition, 12/19/23, at 1.

On March 22, 2024, following a support conference, the Pike County court entered a final allocated order, determining Father's monthly net income to be $6,950.00, and Mother's monthly net income to be $8,618.00. Based on those determinations, the court ordered Mother to pay $1,470.00 a month in child support, with the first payment due on March 22, 2024, and with an effective date of April 14, 2023. The monthly amount due included arrears of $15,482.95, based on the effective date. Notably, the order did not mention the controlling Maryland support order.

On April 1, 2024, Mother filed a request for a *de novo* hearing. After initially scheduling a *de novo* hearing, the parties agreed that the case could be submitted on briefs in lieu of a hearing. After consideration of Mother and Father's submitted briefs, the court issued an order on July 3, 2024, along with its findings of fact and conclusions of law, affirming the March 22, 2024 order in its entirety. In the same order, the court "remanded to the Pike County Office of Domestic Relations for an additional conference to determine the effective date on which [Mother]'s support obligation shall cease or should have ceased in accordance with Pennsylvania law." Order, 7/3/24, at 3.

Mother subsequently filed an appeal from the July 3, 2024 order. However, after issuing a rule to show cause, this Court quashed the appeal as not being taken from a final order, as the issue of determining when Mother's

support obligation should or should have ceased was still outstanding before the trial court.

In the meantime, on August 9, 2024, an order was entered terminating the support order in this action, effective May 18, 2024, the date on which Child graduated from high school after having reached the age of majority. However, Mother was ordered to continue monthly payments on arrears, until all arrears are paid in full. **See** Order, 8/9/24. Mother filed an appeal and request for a *de novo* hearing of this order.

On November 1, 2024, following a *de novo* hearing, the court entered an order affirming the August 9, 2024 support order. This timely appeal followed. We note this appeal is now properly before us as being taken from a final order, as the November 1, 2024 order resolved all outstanding issues remaining from the initial March 22, 2024 support order. **See** Pa.R.A.P. 341(b)(1) (A final order is an order that "disposes of all claims and of all parties[.]").

Mother raises the following issues on appeal:

1. Should the Pike County Court of Common Pleas have applied the Uniform Interstate Family Support Act (UIFSA), Pa. C.S. §§ 7611 (b) (c) & (c.1), to a support order registered in Pennsylvania that was originally issued by a Maryland court?

2. Did the Pike County Court of Common Pleas err in not addressing the non-modifiable aspects of the parties' Maryland Child Support Order, dated June 21, 2021?

3. Did [Father] provide insufficient evidence to justify a modification to the established Maryland Child Support Order dated June 21, 2021?

Appellant's Brief, at 2-3.

Preliminarily, we must determine whether the trial court had jurisdiction to enter orders related to this support dispute. ***See Commonwealth v. Culsoir***, 209 A.3d 433, 435 (Pa. Super. 2019) (stating the Superior Court may raise the issue of jurisdiction *sua sponte*).

> A court has the inherent power to determine on its own motion whether it has the jurisdiction to decide the cause before it. Therefore, even if a party fails to raise this issue by objection or exception in the court below, it is still the affirmative duty of our Court to consider the issue of subject matter jurisdiction. Orders of a court which is without proper subject matter jurisdiction are without legal force.

***Barndt v. Barndt***, 580 A.2d 320, 325 (Pa. Super. 1990) (citations omitted).

This Court previously explained:

> Under Article IV, § 1 of the United States Constitution, each state must give full faith and credit to the ... judicial proceedings of every other state. This mandate, however, applies only to final orders; therefore, Pennsylvania courts have held that the Full Faith and Credit Clause does not apply to modifiable child support orders. Pennsylvania, in conjunction with other states, adopted the Uniform Interstate Family Support Act, (UIFSA), 23 Pa.C.S.[A.] § 7101 et seq., to provide for the interstate enforcement of modifiable support obligations. The Act provides a registration process, which requires that certain documents be sent to the appropriate tribunal in the receiving state. 23 Pa.C.S.[A.] § 7601–02. Once registered in the Commonwealth, a foreign order may be enforced as if it had been issued here. 23 Pa.C.S.[A.] § 7603. Further, the UIFSA requires that the nonregistering party receive notice of registration, and provides a procedure through which the validity or enforcement of the registered order may be contested. 23 Pa.C.S.[A.] § 7605–06. The Act also restricts the circumstances under which Pennsylvania may modify a registered foreign support order. 23 Pa.C.S.[A.] § 7610.

- 6 -

***Clark v. Clark***, 714 A.2d 427, 430 (Pa. Super. 1998) (quotation marks,

footnotes and some citations omitted).

>    Section 7610 of UIFSA states:
>
>    A [Pennsylvania court] may enforce a child support order of
>    another state registered for purposes of modification in the same
>    manner as if the order had been issued by a tribunal of this
>    [Commonwealth], but the registered support order may be
>    modified only if the requirements of section 7611 (relating to
>    modification of child support order of another state) or 7613
>    (relating to jurisdiction to modify child support order of another
>    state when individual parties reside in [Pennsylvania]) have been
>    met.

23 Pa.C.S.A. § 7610.

Section 7611 restricts a trial court's ability to modify another state's

child support order, providing in relevant part as follows:

>    **(c) Restriction.--**A [Pennsylvania] tribunal may not modify any
>    aspect of a child support order that may not be modified under
>    the law of the issuing state, including the duration of the obligation
>    of support. If two or more tribunals have issued child support
>    orders for the same obligor and child, the order that controls and
>    [which] must be so recognized under section 7207 (relating to
>    determination of controlling child support order) establishes the
>    aspects of the support order which are not modifiable.
>
>    **(c.1) Modification**.--In a proceeding to modify a child support
>    order, the law of the state that is determined to have issued the
>    initial controlling order governs the duration of the obligation of
>    support. The obligor's fulfillment of the duty of support established
>    by that order precludes imposition of a further obligation of
>    support by a tribunal of [Pennsylvania].

23 Pa.C.S.A. § 7611(c), (c.1).

Upon review, we conclude the trial court erred in acting on Father's

petition as it lacked jurisdiction to do so. On June 25, 2021, Maryland issued

a child-support order pursuant to an agreement between the parties. This agreement included terms for support and directed that all other terms from the previously entered March 18, 2019 Maryland support order would remain in effect. As such, the June 25, 2021 order was the controlling support order. In accordance with Section 7611(c) and 7611(c.1), the law of Maryland controls the duration of the parties' support obligation. As demonstrated by appellate courts in other jurisdictions, this is true even though neither party currently lives in Maryland, the issuing state. **See, e.g.**, **Marshak v. Weser**, 915 A.2d 613, 615-16 (N.J. Super App. Div. 2007).

Further, Pennsylvania, as the non-issuing state, is only authorized to enforce and/or modify a Maryland child support order after that order is properly registered here.

### § 7609. Procedure to register child support order of another state for modification

A party or support enforcement agency seeking to modify or to modify and enforce a child support order issued in another state must register that order in this State in the same manner provided in Subchapter A (relating to registration for enforcement of support order) or B (relating to contest of validity or enforcement) if the order has not been registered. A petition for modification may be filed at the same time as a request for registration or later. The pleading must specify the grounds for modification.

23 Pa.C.S.A. § 7609; **see also** 23 Pa.C.S.A. § 7610 ("A tribunal of this State may enforce a child support order of another state *registered* for purposes of modification …") (emphasis added); 23 Pa.C.S.A. § 7611(a) ("After a child support order issued in another state *has been registered in this State*, the

responding tribunal of this State may modify that order, upon petition …")

(emphasis added). Even then, the Pennsylvania court is limited in how it can

modify the original agreement, pursuant to the terms of the UIFSA.

The procedure for registering a custody order is provided in Subchapter

A as follows:

> **(a) General rule.--**Except as otherwise provided in section 77A06 (relating to registration of convention support order), a support order or income-withholding order of another state or a foreign support order may be registered in this State by sending all of the following records to the appropriate tribunal in this State:
>
> > (1) A letter of transmittal to the tribunal requesting registration and enforcement.
> >
> > (2) Two copies, including one certified copy, of the order to be registered, including any modification of the order.
> >
> > (3) A sworn statement by the person requesting registration or a certified statement by the custodian of the records showing the amount of any arrearage.
> >
> > (4) The name of the obligor and, if known:
> >
> > > (i) the obligor's address and Social Security number;
> > >
> > > (ii) the name and address of the obligor's employer and any other source of income of the obligor; and
> > >
> > > (iii) a description and the location of property of the obligor in this State not exempt from execution.
> >
> > (5) Except as set forth in section 7312 (relating to nondisclosure of information in exceptional circumstances), the name and address of the obligee and, if applicable, the agency or person to whom support payments are to be remitted.
>
> **(b) Docketing.--**On receipt of a request for registration, the registering tribunal shall file the order as an order of a tribunal of

another state or a foreign support order, together with one copy
of the documents and information, regardless of their form.

23 Pa.C.S.A. § 7602 (a)-(b). The non-registering party then has twenty days to request a hearing to contest the registration of an order, the remedies sought, or the amount of any alleged arrearage, or to assert any defense to alleged noncompliance with the order. *See* 23 Pa.C.S.A. §§ 7605(b)(2), 7606.

In this case, Father filed a UIFSA registration packet on December 19, 2023 with the Pike County court, which included a letter of transmittal requesting registration of the Maryland child support order issued on June 21, 2021. Notably, the letter is not signed by Father. *See* Letter of Transmittal Requesting Registration, 12/19/23, at 2. Further, in the section regarding required attachments, none of the options are checked off, including two certified copies of the Maryland child support order, or information regarding arrearages. ***See id.***

It is clear from the record that the Maryland child support order was never filed or otherwise formally registered under this docket. Additionally, Mother indicates she never received notice that the controlling order was registered here, such that she could have challenged the registration. As such, there is no date on which we could find the Maryland child support order was enforceable as a Pennsylvania order.

Notably, after scouring the record ourselves, the only reference to a Maryland order being registered here that we can find is on the third page of the final allocated support order entered by the Pike County trial court. Under

a section titled "Other Conditions", the court asserts "The support provisions of the parties Montgomery County, MD custody order dated March 18, 2019 are registered in Pennsylvania for modification and enforcement." No other information, including a registration date, is included. More importantly, the order referenced is not the controlling support order.

Upon a close review of the record, we can find no proof that the Maryland order was ever properly registered in the Commonwealth, including the lack of such registration on the docket. Without the Maryland order registered in the Commonwealth, we are unsure what would give a Pennsylvania court jurisdiction to rule on a matter concerning a child that does not, and has never, lived within this Commonwealth, at the request of a Father who also does not, and has never, lived in this Commonwealth. This is especially concerning considering the drastic modification the court made to the Maryland order, including substantial arrears.

Based on the above, we find the trial court erred when it entertained the petition to modify the Maryland support order and entered orders which had the effect of modifying the Maryland support order, when that order is not registered in Pennsylvania for either enforcement or modification. As Pennsylvania was without jurisdiction to modify the Maryland support order when the trial court entered its orders relating to this support dispute, the orders are nullities and must be vacated. **See Barndt**, 580 A.2d at 337.

The March 22, 2024 order and all subsequent orders pertaining to support owed by Mother and Father for Child entered in the Courts of this Commonwealth are therefore vacated. We remand to the trial court to determine what if any amount is owed and reimbursable to Mother based on this determination.

Orders vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/1/2025